IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROGER CHAVEZ,

    Petitioner,

    v.

KEVIN R. CHAPPELL, Warden,

    Respondent.

_____/

No. C-12-3713 TEH (PR)

ORDER OF DISMISSAL; DENIAL OF CERTIFICATE OF APPEALABILITY

    Petitioner, a state prisoner incarcerated at San Quentin State Prison (SQSP), has filed a <u>pro se</u> Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging the denial of parole in 2010 by the Board of Parole Hearings ("Board"). Petitioner has paid the $5.00 filing fee.

I

    According to the Petition, in February 1993, a jury in San Francisco County found Petitioner guilty of second degree murder. The superior court sentenced Petitioner to fifteen years to life plus a one-year enhancement for the use of a knife. Doc. #1 at 4. Petitioner alleges the following claims: (1) the Board's 2010 decision denying him parole was not supported by some evidence and,

thus, it violated his Due Process rights; (2) the Board's decision of a seven-year denial of parole violated Petitioner's Due Process rights in light of the unconstitutionality of applying Proposition 9 retroactively.  Id. at 2.  Petitioner alleges that he presented both claims in his state habeas petitions, but the California courts addressed only his first claim.  He argues that both claims are exhausted.[1]

II

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  Id. § 2243.

III

The United States Supreme Court has recently held that "[i]n the context of parole . . . the procedures required [by the due process clause] are minimal . . . an opportunity to be heard and . . . a statement of the reasons why parole was denied . . . '[t]he Constitution . . . does not require more.'"  Swarthout v. Cooke, 131 S.Ct. 859, 862 (2011).  The Supreme Court has made clear that "it is no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution

---

[1] If a petition is without merit the district court may deny it even if it includes unexhausted claims.  28 U.S.C. § 2254(b)(2).

2

demands) was correctly applied." Id. at 863.  In light of the Supreme Court's determination that due process does not require that there be any amount of evidence to support the parole denial, Petitioner's first claim fails to state a cognizable claim for habeas relief.

Petitioner's second claim is based on the applicability of Proposition 9, also known as Marsy's Law, to the Board's decision to defer another parole hearing for seven years.  Proposition 9 significantly amended the law governing the availability and frequency of parole hearings.  Gilman v. Schwarzenegger, 638 F.3d 1101, 1104 (9th Cir. 2011).  In Gilman, the Ninth Circuit explicitly rejected an ex post facto challenge to Proposition 9, thus allowing it to be applied retroactively.  Id. at 1108-11.  One function of the Ex Post Facto Clause is to bar a law which, by retroactive application, would increase the punishment for a crime after its commission.  Id. at 1106.  Thus, a retroactive application of a law would violate the Ex Post Facto Clause when "it creates a significant risk of prolonging [an inmate's] incarceration." Id. (emphasis in original) (citing Garner v. Jones, 29 U.S. 244, 251 (2000)).  The Ninth Circuit reasoned that Proposition 9 would not create a significant risk of prolonging an inmate's incarceration because it allowed the inmate to request an expedited parole hearing based on changed circumstances.  Id. at 1109.

Petitioner asserts that, despite Gilman, his claim is cognizable because there is no definition of "changed circumstance," which is significant because the nature of an offense is a constant and not a changeable variable.  In Gilman, the Ninth Circuit

3

addressed the plaintiffs' concern that they would be unable to establish changed circumstances with respect to static factors such as the circumstances of the commitment offense or prior criminal history. Id. at 1110. The court stated:

> Plaintiffs are correct that those static factors will not change; but a prisoner's suitability for parole may change even though static factors remain unchanged. For example, the passage of time is a change in circumstances that may affect a prisoner's suitability for parole (i.e., the prisoner's current dangerousness) even though his prior criminal history has not changed. . . . Plaintiffs also contend that they will be unable to establish changed circumstances or new information with respect to intangible factors such as the failure to accept responsibility or the lack of sufficient remorse. But just as a prisoner must explain his acceptance of responsibility and convey his remorse at a parole hearing, a prisoner can, in a request for an advance hearing, explain that he has accepted full responsibility for his crime and convey his remorse.

Id.

Thus, in Gilman, the Ninth Circuit addressed Petitioner's claim and rejected it. Therefore, this claim fails to state a cognizable claim for habeas relief.

IV

For the foregoing reasons, the petition for a writ of habeas corpus is DISMISSED for failure to state a cognizable claim for relief.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability ("COA") under 28 U.S.C. § 2253(c) is DENIED because it cannot be said that "reasonable jurists" would find the district court's assessment of the constitution claims debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner may not appeal the denial of a

4

Certificate of Appealability in this Court but may seek a certificate from the Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure. <u>See</u> Rule 11(a) of the Rules Governing Section 2254 Cases.

The Clerk is directed to enter Judgment in favor of Respondent and against Petitioner, terminate any pending motions as moot and close the file.

IT IS SO ORDERED.

DATED   *11/05/2012*

**THELTON E. HENDERSON**
**United States District Judge**

G:\PRO-SE\TEH\HC.12\Chavez 12-3713-dis.wpd

5